UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

Edith J. Waller,                                    Case No. 12-46774

    Debtor.                                     Hon. Phillip J. Shefferly
_____/

Sunglo Restoration Services, Inc.,                  Adversary Proceeding
                                                    No. 12-05206-PJS
    Plaintiff,

v.

Edith J. Waller,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
ATTORNEY FEES UNDER SECTION 523(d) OF THE BANKRUPTCY CODE**

On March 19, 2012, the Debtor filed this Chapter 7 case. On June 28, 2012, Sunglo Restoration Services, Inc. ("Sunglo") filed an adversary proceeding seeking a judgment determining that a debt owed by the Debtor to Sunglo is non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code. The Debtor filed an answer to the complaint. Sunglo and the Debtor filed cross motions for summary judgment. On December 14, 2012, the Court heard the motions. The Court denied Sunglo's motion, granted the Debtor's motion, and determined that the debt owed by the Debtor to Sunglo is not excepted from the Debtor's discharge under § 523(a)(2)(A) of the Bankruptcy Code. On December 27, 2012, the Debtor filed a motion under § 523(d) of

the Bankruptcy Code seeking a judgment against Sunglo for the costs of, and a reasonable attorney fee for, the defense of the adversary proceeding. Sunglo filed a response to the motion. The Court concludes that the decision making process with respect to the motion will not be materially advanced by conducting oral argument. The Court is prepared to decide the motion on the papers.

Section 523(d) of the Bankruptcy Code provides as follows:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court funds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d).

"To prevail on a motion pursuant to Code § 523(d), the debtor must establish that (1) the creditor sought a determination of dischargeability of a debt pursuant to Code § 523(a)(2); (2) the debt is a consumer debt; and (3) the debt was discharged." Bank of New York v. Schalk (In re Schalk), 191 B.R. 522, 528 (Bankr. N.D. N.Y. 1995) (citations omitted). "The burden then shifts to the creditor to prove that its actions in requesting said determination were substantially justified . . . ." Id. (citation omitted). If the creditor fails to meet that burden, it may still prove that there are special circumstances that would make an award of fees unjust." Id. (citation omitted). See also Colabianchi v. Thomas (In re Thomas), 258 B.R. 167, 168 (Bankr. N.D. Ohio 2001) (same).

The Debtor's debt to Sunglo arose from non-payment for repairs made by Sunglo to the Debtor's home. That is a consumer debt. Sunglo's complaint requested the Court to determine

-2-

that the debt was non-dischargeable under § 523(a)(2). That is the type of debt described in § 523(d). The Court found that the debt was not excepted from discharge under § 523(a)(2). It has now been discharged. Therefore, the Debtor has shown that all of the elements of § 523(d) are present. To avoid a judgment against it under § 523(d), Sunglo must show that its complaint was substantially justified.

"A creditor's position is substantially justified if it has a reasonable basis in both law and in fact[.]" Providian Bancorp v. Stockard (In re Stockard), 216 B.R. 237, 240 (Bankr. M.D. Tenn. 1997). "In determining whether the Plaintiff's position was substantially justified, the Court looks to the totality of the circumstances." In re Thomas, 258 B.R. at 169 (citations omitted). "Substantially justified" means "'justified to a degree that could satisfy a reasonable person.'" In re Stockard, 216 B.R. at 240-41 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988) (applying the phrase to the Equal Access to Justice Act)).

Many courts have applied a three-part test in determining whether a plaintiff's position was "substantially justified": there must be "(1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced." In re Walker, 299 B.R. at 145 (citation omitted). "Several cases emphasize a creditor's failure to do pre-filing discovery, such as by questioning the debtor at the meeting of creditors or at a Rule 2004 examination." Firstbanks v. Goss (In re Goss), 149 B.R. 460, 464 n.5 (Bankr. E.D. Mich. 1992) (J. Spector) (collecting cases).

Sunglo argues that its complaint was substantially justified because it had obtained a pre-bankruptcy judgment against the Debtor in state court in the amount of $81,296.44. Sunglo points out that its state court complaint included a count for fraud, although it also concedes that its state court complaint contained a number of other counts, including breach of contract, lien foreclosure, unjust enrichment, and account stated. Sunglo further concedes that the default judgment did not specify that it was based upon fraud. Although Sunglo does not dispute that this Court declined to give its state court judgment collateral estoppel effect as to all of the elements of § 523(a)(2), Sunglo argues that just because it lost the collateral estoppel issue does not mean that its complaint was not substantially justified. The Court agrees.

Although Sunglo was unsuccessful in prosecuting its adversary proceeding based upon a collateral estoppel theory, there was a reasonable basis both in fact and law for its complaint in this adversary proceeding. Sunglo had filed a complaint against the Debtor pre-petition for fraud. The Debtor failed to attend the trial in state court to contest the allegations in the complaint, and the state court entered a default judgment against her. These undisputed facts substantially justified Sunglo in filing its complaint even though the Court was ultimately not persuaded that collateral estoppel barred re-litigation of the fraud issues in the Bankruptcy Court. Having found that Sunglo was substantially justified in filing the complaint in this adversary proceeding, the Court need not reach the issue of whether other special circumstances would make the award unjust.

In sum, the Court agrees with the Debtor that Sunglo was not entitled to a non-dischargeable debt against the Debtor. But for the reasons set forth in this order, the Court does

-4-

12-05206-pjs    Doc 55    Filed 01/14/13    Entered 01/14/13 17:08:25    Page 4 of 5

not agree that the Debtor is entitled to an award of costs and attorney fees under § 523(d) of the Bankruptcy Code. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion for costs and attorney fees under § 523(d) of the Bankruptcy Code (docket entry no. 52) is denied.

.

**Signed on January 14, 2013**

            **/s/ Phillip J. Shefferly**
            **Phillip J. Shefferly**
            **United States Bankruptcy Judge**